### D. M. WOODRUFF v. W. D. BARRETT.

If the Sheriff permit a defendant to go at large, who has surrendered himself, pursuant to the condition of his bond, taken under the provisions of the act abolishing imprisonment for debt in certain cases, passed 19th February, 1830. *Harr. Comp.* 299, he is liable for an escape, in an action of debt.

A Sheriff cannot refuse to execute a writ, or to detain a prisoner, on the ground of any irregularity in the process or proceedings of the court, provided it has jurisdiction of the matter.

An appeal to the Court of Common Pleas of the County of Cumberland, was taken from the judgment of a Justice of the Peace, rendered in favor of *Barrett* v. *Woodruff,* for twenty-eight dollars debt, and two dollars and fifty-six cents costs.

The action was debt, and on the trial of the appeal, it appeared that William D. Barrett, obtained a judgment before a Justice of the Peace, 24th August, 1833, against one John Stevens, for twenty-four dollars and twenty-five cents debt, and seventy-three cents costs—upon which, an execution was issued, and put into the hand of Richard Wood, a Constable, who arrested John Stevens. Stevens gave bond to Barrett, reciting the judgment, execution and arrest, under the provisions of the act of February 19th, 1830, and the Constable so returned on the execution, and delivered the bond to Barrett.

The bond was conformable to the act, but had no subscribing witness.

John Stevens applied, agreeably to his bond, for the benefit of the insolvent laws. On his hearing before the insolvent court, January 13th 1834, the following order was made—

" The petitioner being examined on oath. and due proof being made, that his application had been advertised as the law directs, and the notices being served on his several creditors, and proof being made by Richard Wood, one of the Constables, that he had taken of the defendant, a bond, which was executed, and the court refuse to grant his discharge, the bond being insufficient."

It further appeared, by the evidence of Cornelius Lupton, (a witness for Barrett, on the trial of the appeal,) that he was present and witnessed the execution of the said bond, but did not subscribe the same, as a witness—by Charles Bonham,

witness for Barrett, the keeper of the jail, that on the 13th January 1834, the said John Stevens, after the judgment of the insolvent court, surrendered himself into his custody, and into the custody of the Sheriff, Daniel M. Woodruff, stating that he so surrendered himself into his custody, to comply with the condition of his bond above referred to, and that Stevens remained in close confinement until the 25th of January ensuing, when the Sheriff, the plaintiff in *certiorari*, permitted him to go at large, and he has ever since remained at large and not in custody.

The action was brought for the *escape*, and the Court of Common Pleas, after over-ruling a motion on behalf of Woodruff for a non-suit, affirmed the judgment of the Justice, with costs. The Sheriff removed the judgment into this court, by *certiorari*.

HORNBLOWER, C. J. This was an action of debt, for an escape, brought by Barrett the plaintiff below, against Woodruff as Sheriff of Cumberland County, under the following circumstances. Barrett having recovered a judgment in a court for the trial of small causes, against one Stevens, sued out an execution thereon; the constable to whom the execution was directed, arrested Stevens, who thereupon gave a bond pursuant to the provisions of the act of 1830, *Harr. Comp.* 299. Stevens afterwards applied in due form, for the benefit of the insolvent laws of the state, but the court refused to sustain his application, or to grant him a discharge, on the ground that the bond given by him on his arrest, was "insufficient." It is admitted by the parties, in the state of the case, that the only objection to the bond was, that it had no subscribing witness. The court did not remand the prisoner, or make any order concerning him, but merely refused to discharge him, for the reason already assigned. Thereupon, Stevens surrendered himself to the Sheriff, as a prisoner *on execution* at the suit of Barrett, and in performance of that part of the condition of his bond, in which it is stipulated, that if "refused a discharge," he will surrender himself immediately thereafter, to the Sheriff," &c. The Sheriff received him into custody on the 13th January 1834, and detained him in close confinement, until the 25th

of that month, when he permitted him to go at large; and for his doing so, this action was brought.

I can perceive no ground upon which, the Sheriff can justify or excuse himself for letting the prisoner go at large. He had been regularly arrested on *an execution*, by a competent officer; he had executed what he supposed and admitted to be a good and lawful bond; the officer, who in the first instance had a right to judge for himself, of the form and sufficiency of the bond, accepted it, as a lawful one, and delivered it to Barrett the plaintiff in execution. By the *fifth Section* of the act above alluded to, it is enacted, that the delivery of the bond to the plaintiff, shall exonerate the officer making the arrest, from liability for an escape. Barrett no doubt had a right to reject the bond if it was insufficiently drawn, or executed; and thereby hold the constable liable; but by accepting the bond, he waived all exceptions to its form and sufficiency, and had a right to insist upon its fulfilment by the defendant in execution —and the defendant, among other things was bound, if he did not obtain his discharge, to surrender himself to the Sheriff. He did so, and whether he thereby relieved his securities and himself from the penalty of the bond, or whether the bond had been so executed as to bind him and them, were questions that might afterwards have arisen between Barrett and the obligors, but which, the Sheriff had no right to anticipate and determine, for himself.

It is a principle too plain to need any illustration, and too well settled to require a recurrence to cases, that a Sheriff cannot refuse to execute a writ, or to detain a prisoner, on the ground of any irregularity in the process or proceedings of the court, provided it has jurisdiction of the matter, 2 *Bac. Abr.* 508, *tit. Escape, let. A.* (*Gwill. ed.*) *Bissell* v. *Kip.* 5 *Johns. R.* 99, 100, *Cable* v. *Cooper*, 15 *Johns. R.* 152, 155, and cases there cited.—No one but the defendant himself, had a right to complain, or to question the Sheriff's right to detain him in custody; but in this case, the defendant admitted the validity of his bond, and his obligation in pursuance thereof, to surrender himself to the Sheriff on *execution* at the suit of the plaintiff, and he surrendered himself accordingly. It is true, in this

case, the Sheriff had no process in his hands, nor had any *committitur* of the defendant, been ordered by the court of Common Pleas, or by any other court; but the fact of his arrest, was matter of record. The execution had been returned by the constable, to the court out of which it issued, together with the officer's certificate, that the defendant had given bond pursuant to the statute.

The Sheriff then, was in no danger of an action for false imprisonment, by detaining the defendant, especially after he had voluntarily committed himself to the custody of the Sheriff. When the court refused to discharge the debtor, he had an election, either to forfeit his bond by continuing at large, or to save it, by an immediate surrender of himself to the Sheriff.

As to the form of the action, I am inclined to think it was ·rightly conceived. The 26th Section of the act concerning Sheriffs, *Rev. Laws*, 242, and the 28th Section of the act constituting courts for the trial of small causes, *Rev. Laws*, 637, gives an action of debt, against a Sheriff, for an escape on final process. But it is objected, that by the former act, there must be a taking or arrest of the defendant, by the Sheriff, or a commitment of the defendant into his custody, by a court of competent jurisdiction, in order to make the Sheriff liable; and that by the act last mentioned, the Constable arresting a defendant on execution, is to deliver him to the Sheriff or gaoler, together with a copy of the execution, and to take his receipt for the prisoner, on the execution: and it is insisted that until this is done, the Sheriff is not liable for an escape. In the case under consideration, there was certainly no original arrest, or taking by the Sheriff, nor any commitment of the prisoner to his custody, by an order of court; nor, was any copy of the execution, delivered to the Sheriff, or any receipt given by him, for the person of the prisoner; and if the Sheriff was not bound to receive the prisoner into his custody, or having received him, if he was not bound to keep him in custody, then this action cannot be maintained; nor, if that is so, has a defendant who has given bond pursuant to the act of 1830, *Harr. Comp.* 299, and who has been refused a discharge by the court, any mode of surrendering himself to the Sheriff, in performance of the

Woodruff *v.* Barrett.

condition of his bond ; and yet, by the very terms of the act and the condition of his bond, he is bound to make such surrender.   The Constable having taken the bond, has returned the execution to the Justice, and has no further control over that, nor authority over the defendant.   The Insolvent Court has not, that I perceive, any power, except, in one particular case, under the provision of the 4th Section of the act of 1830, to order the defendant to be committed. But if that court may make such order, upon whose motion is it to be made ?   The creditors certainly are not bound to make it.   They would rather, he should remain at large and forfeit his bond ; and it would be an anomaly in the law, to require a party to move for his own commitment.   If then the defendant has a right to surrender himself, and is bound to do so by the condition of his bond, he must be permitted to do it voluntarily.   The Sheriff, in such case, I think is bound to receive him, and when he does so, the defendant is in his custody, upon the execution upon which he was arrested, as fully and lawfully, as if he had been delivered to the Sheriff, by the Constable who made the arrest ; and if so, then the Sheriff, is liable in an action of *debt* for an escape.   The previous proceedings, and refusal by the court, to discharge the defendant, is a virtual commitment, or at least sufficient record authority to justify and make it the duty of the Sheriff to receive and detain the defendant in his custody.   Be that however as it may, and admitting that the Sheriff might have refused to receive the prisoner, until he had been regularly committed by an order of the court, yet having taken him into custody, he had no right afterwards to let him go at large.   He was in goal *on execution*, at the suit of the plaintiff ; in such case, *debt* is the proper action for suffering an escape,

Finally : it is no part of the condition of the bond, that the defendant shall remain a true prisoner, and not commit an escape.   It is, however, a part of the condition of the bond, that if refused a discharge, he shall surrender himself into the custody of the Sheriff, to remain there, until discharged by due course of law—that is, not to remain there always ; or as long as he chooses to do so.   The words " there to remain," &c. are added to explain the object for which he is to surrender himself,

and to qualify and limit the imprisonment; not to bind his sureties, for his remaining a true prisoner. I am therefore of opinion, that the judgment must be affirmed with costs.

FORD, J. concurred in affirming the judgment, but without expressing any opinion on the points mentioned by the Chief Justice.

RYERSON, J. expressed no opinion, but did not dissent.

*Judgment Affirmed.*

CITED in *Hulshizer* v. *Kocker, Spencer,* 393 ; *Voorhees* v. *Thorn,* 1 *Zab.* 81 ; *Race* v. *Bird,* 4 *Zab.* 41 ; *Dalbey* v. *Lowenstein,* 5 *Vr.* 467.